## MATTER OF STRIPPA

### In Visa Petition Proceedings

### A-14739108

*Decided by Regional Commissioner June 2, 1966*

Petition to accord preference classification under section 203(a)(3), Immigration and Nationality Act, as amended by P.L. 89-236, as a teacher, is denied since beneficiary, who lacks the requisite high education (having the equivalent of high school graduation in the United States) and has had no actual experience as a teacher, can not be regarded as a member of the teaching profession within the contemplation of that section.

This matter is before the Regional Commissioner on appeal from the denial of the visa petition to accord the beneficiary third preference quota classification as a member of the professions.

The alien is an unmarried Italian citizen, born January 31, 1947, at Guglionesi, Campobasso, Italy. Evidence has been presented that she attended the State School for Teachers at Guglionesi and was granted a diploma in 1965. Form ES-575 "Application for Alien Employment Certification", which accompanied the petition, reflects that the beneficiary attended the State School for Teachers for four years; that she is seeking a teaching position; that she has not been employed in the field since receiving her diploma.

After reviewing the alien's educational documents, the Office of Education of the Department of Health, Education and Welfare, Washington, D.C., advised that she has the equivalent of high school graduation in the United States with preparation for teaching in Italian elementary grades (first five years). The District Director thereupon denied the visa petition on the ground the beneficiary is not qualified for third preference quota classification as a teacher.

It has been asserted on appeal that the alien is entitled to third preference status as a member of the teaching profession inasmuch as the law does not specify any minimum educational standard as a prerequisite to qualification; that physicians, surgeons, lawyers and members of other professions who are educated abroad are not expected to meet United States criteria as a condition precedent to the grant of third preference classification.

Section 203(a)(3) of the Immigration and Nationality Act, as amended, provides for the issuance of visas to "qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States." Section 101(a)(32) of the statute further states: "The term 'profession' shall include but not be limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries."

In considering the various categories of professions enumerated in section 101(a)(32) of the Act, we have consulted the Department of Labor's "Occupational Outlook Handbook" and "Dictionary of Occupational Titles." It has been found that a bachelor's degree is generally the minimum educational requirement for entrance into these professional fields and, in some instances, either an advanced graduate degree or significant experience is also necessary. Cognizance is also taken of the fact that an individual may be accorded recognition as a member of a particular profession where he may lack the requisite high education but has had special training and extensive practical experience in such work.

In the matter at hand, we find that the beneficiary is a high school graduate who has had no actual experience as a teacher. Under the circumstances, she cannot be regarded as a member of the teaching profession within the contemplation of section 203(a)(3) of the Immigration and Nationality Act. We have also considered the alien's eligibility for quota status under section 203(a)(6) of the Act which provides for the issuance of visas to "qualified immigrants who are capable of performing specified skilled or unskilled labor, not of a temporary or seasonal nature, for which a shortage of employable and willing persons exists in the United States." In order to establish eligibility for sixth preference classification it is necessary that the person desiring and intending to employ the beneficiary file a petition in her behalf under section 204 of the Act and that the petition be supported by a Department of Labor certification pursuant to section 212(a)(14) of the Act to establish that there are not sufficient workers in the United States who are able, willing, qualified, and available to perform such labor. In the instant case, the visa petition has not been filed by the alien's prospective employer and, further, the required labor certification has not been furnished. Accordingly, this appeal must be dismissed.

ORDER: It is ordered that the appeal be and same is hereby dismissed.